IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NOSHIR S. GOWADIA, | ) | CRIM. NO. 05-00486 SOM |
| | ) | CIV. NO 14-00481 SOM/KSC |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RECONSIDERATION; ORDER |
| | ) | CONTINUING TO DECLINE TO ISSUE |
| UNITED STATES OF AMERICA, | ) | A CERTIFICATE OF APPEALABILITY |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION; ORDER CONTINUING TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I.      INTRODUCTION.**

Proceeding pro se, Defendant Noshir S. Gowadia seeks reconsideration of an order of October 5, 2015, denying his Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. The court denies the reconsideration motion without a hearing pursuant to Local Rule 7.2(d).

**II.     RECONSIDERATION STANDARD.**

On October 5, 2015, the court denied Gowadia's § 2255 motion and entered judgment. See Civ. No. 14-00481 SOM/KSC, ECF Nos. 6 and 7. Gowadia placed his motion for reconsideration into the prison mail system on or about October 28, 2015. See Crim. No. 05-00486 SOM, ECF No. 991-2 (mailing documentation). Because the motion was filed less than 28 days after the order denying the § 2255 motion was filed and judgment was entered, the court reviews the motion as brought under Rule 59(e) of the Federal

Rules of Civil Procedure.  Dugan v. United States, 2015 WL 5244341, at *4 (E.D.N.Y. Sept. 8, 2015) ("A motion for reconsideration of a judgment or an order disposing of a § 2255 petition is permitted under Rule 59(e) of the Federal Rules of Civil Procedure, which permits a party to file a motion to alter or amend the judgment within 28 days after entry of judgment."); Holloway v. United States, 2010 WL 4791810, at *1 (N.D. Ind. Nov. 16, 2010) ("Mr. Holloway is now before the court seeking reconsideration of the denial of his § 2255 petition in reliance on Federal Rule of Civil Procedure 59(e), which is applicable because Mr. Holloway's motion was filed less than twenty-eight days after entry of the order he's challenging."); 11 Charles Alan Wright, et al., Federal Practice & Procedure § 2810.1 ("Rule 59(e) does, however, include motions for reconsideration.") (3d ed. West 2015).

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to alter or amend judgment.  "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  11 Charles Alan Wright, Arthur Miller, and Mary Kay Kane, Federal Practice & Procedure § 2810.1 (3d ed. West 2015).

> A district court may properly reconsider its decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly

2

>     unjust, or (3) if there is an intervening
>     change in controlling law." School Dist. No.
>     1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th
>     Cir. 1993). Clear error occurs when "the
>     reviewing court on the entire record is left
>     with the definite and firm conviction that a
>     mistake has been committed." United States
>     v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). A decision whether to grant or deny a Rule 59(e) motion is committed to the sound discretion of this court. Id. n.1 ("the district court enjoys considerable discretion in granting or denying the motion"); see also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion").

**III.    ANALYSIS.**

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. On October 5, 2015, the court denied Gowadia's motion seeking relief under § 2255. See Civ. No. 14-00481 SOM/KSC, ECF

3

Nos. 6 and 7. Gowadia seeks reconsideration of that denial. The court now denies Gowadia's reconsideration motion and, in light of that denial, continues to decline to issue a certificate of appealability.

### A. Gowadia's Reconsideration Motion Is Not a Second or Successive § 2255 Motion.

The court begins its analysis of Gowadia's reconsideration motion with the Government's contention that it is barred as a second or successive § 2255 motion. Under § 2255(h), a second or successive § 2255 motion is allowed only if an appellate court certifies that the new motion relies on a new rule of constitutional law (§ 2255(h)(2)), or is based on newly discovered evidence pursuant to which "no reasonable factfinder would have found the movant guilty of the offense" (§ 2255(h)(1)). Because Gowadia is timely seeking reconsideration of this court's order, as opposed to asserting a new claim, the court does not read his most recent filing as a second or successive § 2255 motion that is barred by § 2255(h).

In contending that Gowadia's reconsideration motion is barred by § 2255(h) unless certified by an appellate court, the Government says it is relying on Gonzalez v. Crosby, 545 U.S. 524 (2005), and Thompson v. Calderon, 151 F.3d 918 (9th Cir. 1998). The Government reads too much into those cases, which involved

motions under Rule 60(b) of the Federal Rules of Civil Procedure. In <u>Gonzalez</u>, the Supreme Court cautioned against allowing new or previously litigated claims to be asserted in a Rule 60(b) motion that would skirt the requirements of § 2255(h), the sole exception being an attack based on a defect in the integrity of the federal habeas proceedings. <u>Gonzalez</u>, 545 U.S. at 532. The Supreme Court stated that a motion that advances a new claim for relief is barred by § 2255(h), and that a "claim" is barred by § 2255(h) when it attacks a previous resolution of a claim on the merits. <u>Id.</u>

Although Gowadia's reconsideration motion attacks the merits of the denial of his § 2255 motion, the court is unpersuaded that § 2255(h) is applicable under the facts presented here. Gowadia timely sought reconsideration of the order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "[A] timely motion under Rule 59 suspends the finality of the judgment for purposes of appeal." <u>Gonzales v. Terhune</u>, 2006 WL 1795121, *1 (N.D. Cal. June 28, 2006); <u>see also</u> <u>McCarthy v. Mayo</u>, 827 F.2d 1310, 1313 n.1 (9th Cir. 1987) (timely filed motion under Rule 59(e) tolls time for filing a notice of appeal). This court retains jurisdiction to correct any errors

it may have made in the order.  As the District Court stated in

Gonzales:

> [T]he fundamental purpose of the successive petition rule, which informed the Gonzalez decision, does not apply in this instance. One of the purposes of Rule 59(e) is to provide district courts the opportunity to correct significant errors of fact or law that are brought to their immediate attention, and thus spare the parties and appellate courts the burden of unnecessary appeals. See e.g. Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986); Steigerwald v. Bradley, 229 F. Supp. 2d 445, 447 (D. MD. 2002).  Effectuation of this purpose does not in any way undermine AEDPA's intent to avoid repetitive or multiple petitions.  Certainly this Court can discern no policy or purpose of AEDPA that would be furthered by depriving judges of the ability to correct manifest errors of law or fact that are promptly brought to their attention . . . . Accordingly, the Court rejects Respondent's position that every Rule 59(e) motion that is addressed to the merits necessarily constitutes a second or successive petition for purposes of AEDPA.

Id. at *2.

Slack v. McDaniel, 529 U.S. 473, 485-86 (2000), provides further guidance with respect to this subject.  In Slack, the Supreme Court determined that, when an initial habeas petition was denied based on a failure to exhaust and the prisoner then exhausted and filed another petition, the subsequent petition was not a second or successive petition that

6

was barred, as the initial petition was not adjudicated on the merits.  Under Slack, a defendant is entitled to one adjudication of a § 2255 motion on the merits.  In Gowadia's case, because the time for appeal has not yet run, his arguments that this court failed to address issues, misunderstood his arguments or the facts, or misapprehended the law do not amount to a second or successive motion.  Instead, his Rule 59(e) motion is part of his one full adjudication on the merits.  To hold otherwise would deprive this court of the ability to quickly correct an error that would avoid injustice or the necessity of an appeal.

Accordingly, under the circumstances presented here, the court examines the merits of Gowadia's reconsideration motion.

**B.    This Court Drafted the Order of October 5, 2015.**

The reconsideration motion initially argues that the Assistant United States Attorney assigned to this case drafted the order of October 5, 2015.  This kind of argument certainly is not a claim that amounts to a second or successive motion for purposes of § 2255(h).  Instead, it attacks the fundamental fairness of the order.  The argument, being completely baseless, provides no avenue for reconsideration of the motion.  This judge is the author of the order at issue and neither sought nor

7

obtained the services of any Assistant United States Attorney. The Assistant United States Attorney's only role was to submit briefing with respect to the underlying motion.

### C.  Reconsideration is Not Justified.

Gowadia's Rule 59(e) motion for reconsideration reiterates most of the grounds raised in the underlying motion. The motion is unpersuasive and does not justify reconsideration.

#### 1.  Denial of Bail.

In denying Gowadia's § 2255 motion, the court rejected his argument based on the denial of bail, reasoning that the denial of bail did not affect his conviction or his sentence. See ECF No. 990, PageID # 16829.

Gowadia seeks reconsideration, arguing that "case laws . . . are irrelevant because issue is Constitutional.  Again misrepresents the fact.  Issue is not 'denial of bail' but 'agreeing to bail, then changing his mind and giving ridiculous reasons for it.'" ECF No. 991-1, PageID # 16864.  That argument does not go to the fundamental defect discussed in the order.  It does not demonstrate that Gowadia's sentence "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law,

or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. The denial of bail to Gowadia did not affect his conviction or his sentence such that reconsideration is warranted on that ground.

> **D. Gowadia's Factual Challenges Do Not Affect the Court's Determination that He May Not Relitigate Certain Matters**.

In the order denying Gowadia's § 2255 motion, the court ruled that he may not relitigate matters rejected by the court or the jury that he failed to ask the Ninth Circuit to review. Those matters included his arguments regarding: 1) the classification of information concerning the B-2 bomber; 2) the shape of nozzles for cruise missiles; 3) the classification of nozzles for cruise missiles; 4) the classification of information concerning commercial aircraft; 5) Gowadia's ability to challenge classification determinations during trial; and 6) the voluntary nature of Gowadia's confession. See ECF No. 990, PageID #s 16829-45.

In his reconsideration motion, Gowadia does not address the court's determination that he may not relitigate matters. Instead, Gowadia continues to press the merits of the arguments. Because Gowadia may not relitigate the matters, the court properly did not reach the merits of the claims in denying the

9

§ 2255 motion. See United States v. Marchese, 341 F.2d 782, 789 (9th Cir. 1965) (§ 2255 petitioner may not invoke § 2255 "to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction"). Additionally, for the reasons discussed in the court's order denying Gowadia's § 2255 motion, Gowadia's factual arguments do not demonstrate actual innocence.

### E. Gowadia's Factual Challenges Do Not Affect the Court's Determination that He Procedurally Defaulted With Respect to Certain Arguments.

In the order denying Gowadia's § 2255 motion, the court ruled that he procedurally defaulted with respect to certain arguments, including his arguments regarding: 1) the filing of false tax returns; 2) discovery concerning his own e-mails; 3) intercepted communications and intimidated witnesses; and 4) false evidence. See ECF No. 990, PageID #s 16845-52. Gowadia's reconsideration motion does not address the procedural default analysis, instead discussing only the facts underlying his arguments. Gowadia's procedural defaults continue to justify the court's decision not to reach the merits of the affected arguments. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Gowadia's factual contentions do not demonstrate the

necessary cause and prejudice to excuse any procedural default or to demonstrate his actual innocence.

>  **F.    Gowadia Is Not Entitled To Reconsideration With Respect to His Ineffective Assistance of Counsel Claim.**

In the order denying Gowadia's § 2255 motion, the court determined that Gowadia had not demonstrated ineffective assistance of counsel. See ECF No. 990, PageID #s 16845-52. Gowadia does not demonstrate entitlement to reconsideration of that determination by arguing only, "Incredible.  Please read Answer C3."  ECF No. 991-1, PageID # 16867.  For the reasons set forth in the court's order, Gowadia has failed to demonstrate that his attorneys were ineffective.

**IV.    The Court Continues to Decline to Issue A Certificate of Appealability.**

The court has previously declined to issue a certificate of appealability.  See ECF No. 990, PageID #s 16855-56.  The arguments made in the reconsideration motion do not cause the court to change its prior ruling in this regard.  The court continues to decline to issue a certificate of appealability.  No reasonable jurist would find it debatable that Gowadia has procedurally defaulted on his claims.  Nor does this court think any reasonable jurist would find this court's assessment of the merits of Gowadia's remaining constitutional

claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In so ruling, the court is unpersuaded by Gowadia's argument that his "understanding of the Constitution is very good" such that "it is up to [him] to decide to appeal or not and when the case will be closed."  ECF No. 991-1, PageID # 16861.  The applicable law requires Gowadia to obtain a certificate of appealability to appeal the court's ruling.  This court declines to issue such a certificate of appealability.

**V.      CONCLUSION.**

The court denies Gowadia's Rule 59(e) motion and continues to decline to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 28, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Gowadia, Crim. No. 05-00486 SOM and Civ. No. 14-00481 SOM/KSC; ORDER DENYING MOTION FOR RECONSIDERATION; ORDER CONTINUING TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY